**Bladimiro VASQUEZ–BARAJAS,
Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney·
General, Respondent.**

No. 11–70027.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2015.[*]

Filed March 17, 2015.

Lesley Irizarry–Hougan, L.I.H. Law, P.S., Seattle, WA, for Petitioner.

Jeffrey Lawrence Menkin, Trial, Oil, DOJ–U.S. Department of Justice, Wash-ington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM [**]

Bladimiro Vasquez–Barajas, a native and citizen of·Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny the petition for review.

The BIA found that even if Vasquez–Barajas's asylum application was timely, he failed to establish eligibility for asylum and withholding of removal because, inter alia, he did not establish the government of Mexico is unwilling or unable to control the individuals he fears. Vasquez–Barajas does not challenge this dispositive finding. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument are deemed waived). Thus, we deny the petition for review as to Vasquez–Barajas's asylum and withholding of removal claims.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed..R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, substantial evidence supports the agency's denial of Vasquez–Barajas's CAT claim because he failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.